UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA C SULLIVAN,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN A. FINN,<br><br>    Defendant. | Case No. 16-cv-01948-WHO<br><br>**ORDER ON MOTIONS HEARD ON JULY 6, 2016**<br><br>Re: Dkt. Nos. 13, 29, 52 |

## INTRODUCTION

Plaintiff Joanna Sullivan brings this breach of contract action against defendant Stephen Finn, alleging that he breached his obligations to make certain payments to her required by a contract they entered in 2011. Along with his answer to Joanna Sullivan's complaint, Finn filed a "cross-complaint" asserting a variety of claims for relief against other members of the Sullivan family,[1] the Sullivan Vineyards Corporation ("SVC"), and the Sullivan Vineyards Partnership ("SVP"). Joanna Sullivan, joined by SVC and SVP, filed one motion to strike the cross-complaint, and the Sullivan Cross-Defendants, minus Philomena Maureen Sullivan Gildea, filed another. For the reasons discussed below, their motions are GRANTED to the extent that they seek to strike Finn's cross-complaint. In all other respects, the motions are DENIED.

## BACKGROUND

This case arises from the dissolution of the marriage between Finn and Joanna Sullivan's daughter, Kelleen Sullivan. Ans. ¶ 13 (Dkt. No. 10). Finn and Kelleen Sullivan were married on June 18, 2011. Cross-Complaint ¶ 15. Their Marital Agreement provided that, upon termination

---

[1] The other members of the Sullivan family named in the cross-complaint are Kelleen Sullivan, Caireen Sullivan, Sean Sullivan, Ross Sullivan, and Philomena Maureen Sullivan Gildea. Cross-Complaint ¶¶ 2-6 (Dkt. No. 10). Finn refers to these individuals collectively as the "Sullivan Cross-Defendants." *Id.* ¶ 7. I do the same in this Order.

of their marriage by entry of a decree, Kelleen Sullivan would be entitled to any interest in the Sullivan Vineyards owned by Finn.[2]  *Id.* ¶ 17.  On August 12, 2011, Finn entered a Stock and Partnership Purchase Agreement ("Purchase Agreement") (Compl. Ex. A, Dkt. No. 1-1) with SVC, SVP, Joanna Sullivan, and the Sullivan Family Revocable Living Trust, according to which Finn became the majority shareholder of SVC and the majority partner of SVP.  Cross-Complaint ¶ 18.  The Purchase Agreement includes provisions requiring Finn to pay Joanna Sullivan (1) an annuity of "$9,000 per month . . . for the remainder of her life," and (2) "an amount not to exceed $500,000 towards a life interest in a personal residence of [her] choice."  Purchase Agreement §§ 1.2(a), 1.2(b).

On May 13, 2015, Kelleen Sullivan filed a petition for dissolution of marriage in Colorado state court.  Cross-Complaint ¶ 27.  In October 2015, the Colorado trial court entered a Decree of Dissolution of Marriage, ordered the transfer of Finn's ownership interests in SVC and SVP to Kelleen Sullivan pursuant to their marital agreement,[3] and "reserved jurisdiction to enter permanent orders on all other issues in this case, including but not limited to orders regarding allocation of property and debt, maintenance, and attorney's fees."  *Id.* ¶ 30.[4]  Shortly thereafter, the Sullivan Cross-Defendants purported to divest Finn of his ownership interests in SVC and SVP, and Finn stopped paying the $9,000 monthly annuity to Joanna Sullivan.  *Id.* ¶¶ 33-38; Joanna Sullivan Mot. at 5 (Dkt. No. 14).

The Colorado trial court held multiple days of hearings in January 2016 and issued Permanent Orders on March 31, 2016.  Lass Decl. Ex. A (Dkt. No. 19).  In resolving Finn's obligations to Kelleen Sullivan, the Colorado trial court specifically addressed and rejected Finn's argument that a $500,000 payment he made to Kelleen Sullivan in October 2014 satisfied his

---

[2] Sullivan Vineyards was founded by Joanna Sullivan and her husband.  It is comprised of SVC and SVP.

[3] The Colorado trial court confirmed this transfer in an October 23, 2015 written order stating, "Respondent Husband's entire ownership interest [in the Sullivan Vineyards] is transferred to, and received by, Petitioner Wife, pursuant to . . . the parties' Marital Agreement."  RJN Ex. C (Dkt. No. 31-3).

[4] The Colorado Court of Appeals dismissed Finn's appeal of these rulings on the ground that they were not final and appealable.  *See, e.g.,* Cross-Complaint ¶ 32.

promise under the Purchase Agreement to pay Joanna Sullivan up to $500,000 towards a life interest in a personal residence of her choice. *Id.* at 25-27. The Colorado trial court subsequently decided post-trial motions on May 25, 2016, and Finn filed a timely appeal on June 8, 2016. Dkt. No. 39 at 5.

Joanna Sullivan filed her complaint against Finn on February 16, 2016 in the Superior Court of California for the County of Napa. Dkt. No. 1-1 ("Compl."). She alleges that Finn has not provided her with either the $9,000 monthly annuity or the $500,000 life interest payment required under the Purchase Agreement and seeks to hold him liable for (1) breach of contract, *id.* ¶¶ 6-14; and (2) elder abuse in violation of California Welfare and Institutions Code section 15657.5, *id.* ¶¶ 15-20. Joanna Sullivan is 78 years old and asserts that she is "scraping by" without the funds Finn allegedly owes her. Dkt. No. 52.

Finn removed the case to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1. On April 20, 2016, he filed his answer and cross-complaint. Dkt. No. 10. The cross-complaint asserts ten causes of action against the Sullivan Cross-Defendants and/or SVC and SVP:

(1) Declaratory judgment against the Sullivan Cross-Defendants. Cross-Complaint ¶¶ 39-42. Specifically, Finn seeks a judgment stating (a) that the Decree of Dissolution of Marriage entered by the Colorado trial court was "a nonfinal, appealable, and non-self-executing order that did not cause the transfer of Finn's interests in SVC and SVP to Kelleen immediately upon its entry by the Colorado Court;" and (b) that Finn continues to own 60.8 percent of SVP and 57 percent of SVC. *Id.* ¶ 42.

(2) Declaratory judgment against the Sullivan Cross-Defendants, SVC, and SVP. *Id.* ¶¶ 43-46. Specifically, Finn seeks a judgment stating that he "acquired and continues to hold majority ownership interests in SVP and SVC free and clear of any lien, charge, encumbrance, adverse right or claim and security interest created by the [Marital Agreement between him and Kelleen Sullivan]." *Id.* ¶ 46.

(3) Breach of fiduciary duty against the Sullivan Cross-Defendants, on the theory that they breached the duty of loyalty they owed to Finn as a shareholder of SVC by purporting to remove

him as a shareholder and director of SVC without notice. *Id.* ¶¶ 47-52.

(4) Breach of fiduciary duty against the Sullivan Cross-Defendants, on the theory that they breached the duty of care they owed to SVC as directors of SVC, including by purporting to remove Finn as shareholder and director of SVC without notice. *Id.* ¶¶ 53-57.

(5) Breach of fiduciary duty against the Sullivan Cross-Defendants, on the theory that they breached the duty of loyalty and the duty of care they owed to Finn, a fellow partner in SVP, including by purporting to remove him as a shareholder and director of SVC without notice. *Id.* ¶¶ 58-61.

(6) Intentional interference with prospective economic advantage against the Sullivan Cross-Defendants, on the theory that they have interfered with the economic relationships between Finn and SVC and SVP, including by purporting to remove him as a shareholder and director of SVC and as a partner of SVP. *Id.* ¶¶ 62-68.

(7) Negligent interference with prospective economic advantage against the Sullivan Cross-Defendants, on the theory that they have interfered with the economic relationships between Finn and SVC and SVP, including by purporting to remove him as a shareholder and director of SVC and as a partner of SVP. *Id.* ¶¶ 69-75.

(8) Breach of contract against the Sullivan Cross-Defendants, SVC, and SVP, on the theory that they have failed to repay certain unsecured loans he made to them for the purpose of financing the operations of SVC and SVP. *Id.* ¶¶ 76-80.

(9) Breach of contract against Kelleen Sullivan, on the theory that she and Finn entered an agreement by which Finn would "provide $500,000 to [her], and [she] would use said funds to purchase a life interest for Joanna Sullivan in a property of Joanna Sullivan's choice" but she "instead used said funds to purchase a property in her own name." *Id.* ¶¶ 81-85.

(10) Conversion against Kelleen Sullivan, on the theory that "[i]nstead of using the $500,000 that Finn provided to her to purchase a life interest for Joanna Sullivan in a property of Joanna Sullivan's choice, [she] converted said property to her own personal use." *Id.* ¶¶ 86-90.

Finn offers a three-step explanation for why these claims are properly brought in this case. First, he contends that the ninth and tenth causes of action (against Kelleen Sullivan, for breach of

contract and conversion) are properly brought under Federal Rule of Civil Procedure 14 because they are based on the theory that under a separate agreement between him and Kelleen Sullivan, Kelleen Sullivan was supposed to use $500,000 she received from Finn to purchase the promised life interest for Joanna Sullivan in a residence of Joanna Sullivan's choice. Dkt. No. 39 at 13. Finn argues that if Joanna Sullivan were to prevail against him on her claim for the $500,000 life interest payment, his ninth and tenth causes of action would "seek to hold [Kelleen Sullivan] liable for that same amount." *Id.*

Next, Finn asserts that his first through eighth causes of action are properly brought against Kelleen Sullivan under Rule 18, which permits the joinder of additional claims against a party properly joined under Rule 14. Dkt. No. 39 at 14; *see also* Fed. R. Civ. P. 18(a) ("A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."); 6 Fed. Prac. & Proc. Civ. § 1452 (3d ed.) ("Once a court has determined that a proper third-party claim has been asserted, it should allow joinder of any other claims the third-party plaintiff may have against the third-party defendant.").

Finally, Finn contends that, once Kelleen Sullivan is brought into the case, his first through eighth causes of action may also be brought against the remaining Sullivan Cross-Defendants, as well as against SVC and SVP, pursuant to Rules 13(h) and 20 (governing the joinder of parties to crossclaims) and Rule 13(g) (governing the pleading of crossclaims against coparties). *See* Dkt. No. 39 at 14-16; *see also* Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."); Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."); Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim.").

On May 18, 2016, Joanna Sullivan moved to strike the cross-complaint in its entirety,

arguing that Finn's claims would unduly complicate and delay resolution of this case and should thus be struck pursuant to Rule 14. Joanna Sullivan Mot. at 9-10 (Dkt. No. 14).

On June 1, 2016, the Sullivan Cross-Defendants, minus Philomena Maureen Sullivan Gildea, filed a similar motion, arguing among other things that (1) the cross-complaint's ninth and tenth causes of action do not seek to join a nonparty "who is or may be liable to [Finn] for all or part of the claim against [him]," Fed. R. Civ. P. 14, as required under Rule 14; (2) the claims against Caireen, Sean, and Ross Sullivan do not satisfy the "transaction or occurrence" requirement of Rule 13(g); (3) the cross-complaint should be dismissed or stayed pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); and (4) the cross-complaint's first through eighth causes of action should be dismissed under Rule 12(b)(6) because they are barred by judicial estoppel in light of various representations Finn made during the proceedings in the Colorado trial court.[5]

I heard argument from the parties on July 6, 2016. Dkt. No. 47.

## LEGAL STANDARD

### I. FEDERAL RULE OF CIVIL PROCEDURE 14

Rule 14 allows a defendant to implead "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "The purpose of [Rule 14] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). Accordingly, "[t]he crucial characteristic of a Rule 14 claim is that [the] defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) (internal quotation marks omitted). "The mere fact that the alleged [Rule 14] claim arises from the same transaction or set of facts as the original claim is not enough." *Id.*

---

[5] SVC and SVP joined in both Joanna Sullivan's motion to strike and the Sullivan Cross-Defendants' motion. Dkt. Nos. 26, 27, 43. Following oral argument, Philomena Maureen Sullivan Gildea joined in the Sullivan Cross-Defendants' motion. Dkt. No. 54.

1	If the defendant files his third-party complaint within 14 days of the filing of his original
2	answer, then he need not obtain leave of the court to file the third-party complaint. *See* Fed. R.
3	Civ. P. 14(a)(1). However, even where the defendant need not obtain leave of the court, "[a]ny
4	party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P.
5	14(a)(4); *see also* 6 Fed. Prac. & Proc. Civ. § 1443 (3d ed.) ("[W]hether a third-party defendant
6	may be impleaded under Rule 14 continues to be a question addressed to the sound discretion of
7	the trial court . . . [W]hen the third-party claim is instituted within the fourteen-day period[,] the
8	case against permitting impleader must be made on a motion to strike the third-party claim."). In
9	considering whether to allow a third-party complaint, courts in this district usually consider the
10	following factors: "(1) prejudice to the original plaintiff; (2) complication of issues at trial;
11	(3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Irwin v. Mascott*, 94 F.
12	Supp. 2d 1052, 1056 (N.D. Cal. 2000); *accord Bird v. Keefe Kaplan Mar., Inc.*, No. 14-cv-03277-
13	MEJ, 2015 WL 4692817, at *2 (N.D. Cal. Aug. 6, 2015); *Webb v. Healthcare Revenue Recovery*
14	*Grp., LLC*, No. 13-cv-00737-JD, 2014 WL 2967559, at *2 (N.D. Cal. July 1, 2014); *Joe Hand*
15	*Prods., Inc. v. Davis*, No. 11-cv-06166-CW, 2012 WL 6035538, at *1 (N.D. Cal. Dec. 4, 2012).
16	"It is not an abuse of discretion to deny an application for impleader where it will disadvantage the
17	existing action." *Sw. Administrators*, 791 F.2d at 777.

18	**II.** ***COLORADO RIVER* DOCTRINE**

19	"Under *Colorado River*, considerations of wise judicial administration, giving regard to
20	conservation of judicial resources and comprehensive disposition of litigation, may justify a
21	decision by the district court to stay federal proceedings pending the resolution of concurrent state
22	court proceedings involving the same matter." *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir.
23	2002) (internal quotation marks and citations omitted). "[T]he *Colorado River* doctrine is a
24	narrow exception to the virtually unflagging obligation of the federal courts to exercise the
25	jurisdiction given them." *Id.* (internal quotation marks omitted). It is properly applied only in
26	"exceptional circumstances." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1,
27	19 (1983).
28	The threshold requirement for application of the *Colorado River* doctrine is the existence

7

of "concurrent state court proceedings involving the same matter." *Holder*, 305 F.3d at 867. This does not require that the proceedings be precisely the same – "it is enough if [they] are substantially similar." *Id.* (internal quotation marks omitted). In addition to this threshold requirement, the Ninth Circuit "ha[s] recognized eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011) (internal footnotes omitted).

## DISCUSSION

The Sullivan Cross-Defendants accurately describe Finn's cross-complaint as a "procedural house of cards" dependent on the ninth and tenth causes of action coming into the case. Dkt. No. 42 at 5. Even assuming that Finn's ninth and tenth causes of action plead viable theories of third-party liability against Kelleen Sullivan,[6] those causes of action would cause significant complication, delay, and prejudice, and they are not appropriately brought into the case under Rule 14.

Both causes of action are based on an alleged agreement (the "Life Interest Agreement") between Finn and Kelleen Sullivan, according to which Kelleen Sullivan promised to use $500,000 given to her by Finn to purchase the life interest promised to Joanna Sullivan in the Purchase Agreement. *See* Cross-Complaint ¶¶ 81-90. The Life Interest Agreement is wholly separate from the Purchase Agreement on which Joanna Sullivan's claims are based, and Finn offers no explanation of how the existence of the Life Interest Agreement would be relevant to the obligations he allegedly owes Joanna Sullivan under the Purchase Agreement. Perhaps the

---

[6] Finn cites no authority indicating that his alleged agreement with Kelleen Sullivan makes her "secondarily or derivatively liable to [him] for all or part of [Joanna Sullivan's] original claim[s]." *Sw. Administrators*, 791 F.2d at 777.

8

existence of the Life Interest Agreement would be relevant to the intent element of Joanna Sullivan's elder abuse claim. *See* Compl. ¶¶ 19-20 (accusing Finn of acting with recklessness, oppression, fraud, or malice in the commission of the alleged elder abuse). But introducing the existence of the Life Interest Agreement for this purpose would be substantially different (and substantially simpler) than actually resolving Kelleen Sullivan's alleged third-party liability to Finn.

Courts have found that "a lack of similarity between the issues and evidence required to prove the main and third-party claims may be sufficient to warrant the dismissal of an impleaded party." *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003); *accord Bel Air Mart v. Arnold Cleaners, Inc.*, No. 10-cv-02392, 2014 WL 763185, at *11 (E.D. Cal. Feb. 21, 2014); *AIG Europe Ltd. v. Gen. Sys., Inc.*, No. 13-cv-00216, 2013 WL 6654382, at *4 (D. Md. Dec. 16, 2013); *United States v. Savoy Senior Hous. Corp.*, No. 06-cv-00031, 2008 WL 631161, at *1 (W.D. Va. Mar. 6, 2008); *U.S. Commodity Futures Trading Comm'n v. Calvary Currencies LLC*, No. 04-cv-01021, 2005 WL 263902, at *2 (D. Md. Feb. 2, 2005); *see also U. S. Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968) ("If impleading a third-party defendant would require the trial of issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed."). In light of the lack of similarity between the issues and evidence required to prove Joanna Sullivan's breach of contract and elder abuse claims on the one hand, and Finn's ninth and tenth causes of action on the other, and the complication, delay, and prejudice to Joanna Sullivan that would result from bringing Finn's ninth and tenth causes of action into the case, I find that those causes of action are properly struck under Rule 14(a)(4).

This conclusion is bolstered by the multitude of additional claims and parties that Finn seeks to bring into this case on the shoulders of his ninth and tenth causes of action. His first through eighth causes of action – each of which, according to Finn, may only be brought into the case if the ninth and tenth cause of action are allowed – would quadruple the number of parties in the case and introduce a myriad of issues well beyond the scope of Joanna Sullivan's breach of contract and elder abuse claims. Even more so than Finn's ninth and tenth causes of action, his

first through eighth causes of action would vastly complicate and delay this case without providing any meaningful benefit to judicial efficiency.

## CONCLUSION

Given the "procedural house of cards" underlying Finn's cross-complaint, the striking of his ninth and tenth causes of action also requires the striking of his first through eighth causes of action (i.e., the rest of his cross-complaint). Accordingly, the motions heard on July 6, 2016 are GRANTED to the extent that they seek to strike Finn's cross-complaint. They are DENIED in all other respects.[7] Per the July 6, 2016 case management conference, counsel should hold their Rule 26(f) conference within seven days of the date of this Order. Dkt. No. 47. A further case management conference is set for September 20, 2016. The Joint Case Management Statement, including the parties' proposed trial date and case management schedule, shall be filed by September 13, 2016. Joanna Sullivan's Request to Set Case Management Conference, Dkt. No. 52, is DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated: August 11, 2016



WILLIAM H. ORRICK
United States District Judge

---

[7] The Sullivan Cross-Defendants (as well as Joanna Sullivan in her reply brief) compellingly argue that Finn's cross-complaint should be stayed pursuant to the *Colorado River* doctrine because the appeal in the Colorado matter involves the same factual basis as many of the claims Finn wishes to bring in his cross-complaint. Evaluation of the factors for assessing the appropriateness of a *Colorado River* stay or dismissal would strongly favor the Sullivan Cross-Defendants' position. I do not address that issue in this Order since I am striking Finn's cross-complaint for the reasons stated above.